# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTAGE WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRGINIA KNUDSEN, et al., <br><br> Defendants. | Case No.: 19-cv-01351-W (JLB) <br><br> **ORDER GRANTING MOTION FOR PROTECTIVE ORDER** <br><br> **[ECF No. 46]** |
| AND RELATED COUNTERCLAIM. | |

Before the Court is a motion for protective order filed by defendant TGMV, LLC ("TGMV"). (ECF No. 46.) TGMV moves for a protective order under Federal Rules of Civil Procedure 26(c) and 45(d) quashing the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") served on TGMV by plaintiff Vistage Worldwide, Inc. ("Plaintiff") on January 23, 2020.[1] (*See* ECF Nos. 46 at 1; 48-1 at 2, ¶ 4; 49 at 2.) TGMV moves for

---

[1] In addition to seeking a protective order under Rule 26, TGMV also moved to quash the Subpoena under Rule 45. (*See* ECF No. 46.) However, as TGMV later recognized, any motion to quash must be filed in "the court for the district where compliance is required," which in this case is Nevada. *See* Fed. R. Civ. P. 45; ECF No. 49

this relief on the following grounds: (1) the Subpoena contravenes the Court's January 7, 2020 Order granting in part and denying in part Defendants' motion for a protective order regarding jurisdictional discovery (the "Protective Order") (ECF No. 42); and (2) the Subpoena "imposes undue burden and expense and is annoying, oppressive and harassing, in that it requests voluminous production of documents with an unreasonable time to comply." (*See* ECF No. 46 at 1–2.) For the reasons set forth below, the motion is **GRANTED**.

## I. BACKGROUND

On July 19, 2019, Plaintiff commenced this action against Defendants. (ECF No. 1.) On August 12, 2019, TGMV filed a motion to dismiss for lack of personal jurisdiction. (ECF No. 8.) That motion remains pending. Plaintiff sought to conduct limited jurisdictional discovery for purposes of responding to TGMV's motion. (ECF Nos. 25 at 4; 30 at 2.) In response, TGMV sought a protective order to prevent or limit Plaintiff's jurisdictional discovery. (ECF No 25.) On January 7, 2020, the Court granted in part and denied in part TGMV's motion and issued the Protective Order. (ECF No. 42.) By that Protective Order, the Court allowed Plaintiff to conduct limited jurisdictional discovery for purposes of responding to TGMV's motion to dismiss for lack of personal jurisdiction. (*Id.*)

Once the Court issued its Protective Order, Plaintiff set a Federal Rule of Civil Procedure 30(b)(6) deposition of TGMV for February 3, 2020 in Las Vegas, Nevada. (ECF No. 46 at 2.) Shortly thereafter, Plaintiff attempted to serve a Rule 45 subpoena commanding TGMV to appear at a deposition and produce documents in Las Vegas,

---

at 2. Thus, this Court does not have jurisdiction to entertain a motion to quash under Rule 45. *See, e.g.*, *BNSF Ry. Co. v. Alere, Inc.*, No. 18-cv-291-BEN-WVG, 2018 WL 2267144, at *10 (S.D. Cal. May 17, 2018) (finding that the court lacks jurisdiction to compel compliance with or modify a subpoena "[s]ince compliance with the subpoena would occur outside of this district").

Nevada at the same place, date, and time as the Rule 30(b)(6) deposition. (*See id.* at 2–3.) The next day, Plaintiff properly served the Subpoena on TGMV and extended the deposition date and document production deadline to February 7, 2020. (*See* ECF No. 48-1.)[2] While the scope of the Rule 30(b)(6) deposition on February 3, 2020 presumably complied with the limits of the Protective Order,[3] the Subpoena does not, as it is not even limited to jurisdictional discovery. (*See* ECF No. 48 at 2.)

## II. DISCUSSION

Currently pending before the Honorable Thomas J. Whelan is TGMV's motion to dismiss for lack of personal jurisdiction. (ECF No. 8.) A court "has broad discretion to stay discovery in a case while a dispositive motion is pending" through the issuance of a protective order. *Orchid Biosci., Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280 (9th Cir. 1977); *Hachette Distribution, Inc. v. Hudson Cnty. News Co., Inc.*, 136 F.R.D. 356 (E.D.N.Y. 1991)); *see also Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-00772-GMN, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015) ("a motion challenging personal jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved") (citation and internal quotation marks omitted); Fed. R. Civ. P. 26(c)(1). Initially, and certainly at the time the parties briefed the earlier motion for protective order, Plaintiff had agreed that it was seeking only limited jurisdictional discovery. Although it was, accordingly, only implicit in the Protective Order, the Court now expressly states that it finds only jurisdictional discovery to be appropriate as to TGMV while TGMV's motion to dismiss for lack of personal jurisdiction is pending.

///

---

[2] Compliance with the Subpoena has since been held in abeyance by the parties until a ruling on the instant motion.

[3] The Court has not been provided with a copy of the Rule 30(b)(6) deposition notice, but TGMV did not object to the scope of that notice.

Plaintiff argues that the Court's earlier Protective Order does not preclude it from using a Rule 45 subpoena to obtain broad discovery from TGMV because, "[a]s TGMV contests jurisdiction in California, it is still subject to a subpoena in Nevada. . . . No basis exists to delay discovery simply because the [motion to dismiss] is pending. The Nevada Subpoena does not violate the [Protective] Order." (ECF No. 48 at 4.) The Court disagrees. Based upon Plaintiff's reasoning, courts would never have the power to limit a plaintiff to engaging only in jurisdictional discovery while a defendant challenges personal jurisdiction. Any such protective order could simply be circumvented by the issuance of a Rule 45 subpoena. This is inconsistent with the well-established authority that the Court has broad discretion to stay discovery while a dispositive motion is pending. *See Orchid Biosci., Inc.*, 198 F.R.D. at 672–75; *Hologram USA, Inc.*, 2015 WL 1600768, at *1.

Nor is the Court persuaded by Plaintiff's position that if TGMV "loses the [motion to dismiss] it must still respond. If it wins the [motion to dismiss], it must still respond." (ECF No. 48 at 4.) That is at best an oversimplification. If TGMV loses its motion to dismiss, it will be a party and subject to full discovery under Rule 26. If it prevails, and Plaintiff then issues a Rule 45 subpoena to it as a non-party, the Court's analysis of then-non-party TGMV's claim that the Subpoena is unduly burdensome, expensive, annoying, oppressive, and harassing may differ. *See Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218–19 (N.D. Cal. 2015) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.") (quoting *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

///
///
///
///
///

4

### III. CONCLUSION[4]

For the reasons stated above, TGMV's motion for protective order is **GRANTED**. Discovery beyond the scope of the Protective Order is stayed as to TGMV until its pending motion for lack of personal jurisdiction is decided.

However, as Plaintiff noted in its opposition, under the current Scheduling Order, the time for Plaintiff to obtain discovery from TGMV is drawing short. (*See* ECF No. 48 at 2.) Accordingly, the Court *sua sponte* modifies the Scheduling Order (ECF No. 24) as follows:

1. All fact discovery shall be completed by all parties as to TGMV by **June 8, 2020**.

2. The parties shall designate their respective experts in writing and comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure by **July 6, 2020**. The parties shall exchange rebuttal experts and supplement their disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **August 10, 2020**.

3. All expert discovery shall be completed by all parties by **August 24, 2020**.

4. All other pretrial motions must be filed by **September 8, 2020**.

5. A Mandatory Settlement Conference shall be conducted on **August 27, 2020** at **1:45 p.m.** in the chambers of **Magistrate Judge Jill L. Burkhardt**, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **August 17, 2020**.

///

---

[4] In its opposition, Plaintiff proffers that "*[s]ua sponte*, the Court should also deny the pending [motion to dismiss for lack of jurisdiction] as moot" as it contends the present motion is a "general appearance by TGMV before this Court." (ECF No. 48 at 3.) However, such a request is not properly before this Court and any such arguments would need to be made to the District Judge.

6. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **December 21, 2020**.

7. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 28, 2020**.

8. By **January 4, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.

9. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 11, 2021**.

10. The parties shall separately submit informal letter briefs by **2:30 p.m.** on **January 20, 2021**.

11. The final Pretrial Conference is scheduled on the calendar of the **Honorable Thomas J. Whelan** on **January 25, 2021** at **10:30 a.m.**

12. All requirements pertaining to these deadlines which are set forth in the Scheduling Order (ECF No. 24) remain in effect.

**IT IS SO ORDERED.**

Dated: March 13, 2020

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge